IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01236-RM-SKC

RAYMOND E. CLARK, and
BETTYJUNE CLARK,

    Plaintiffs,

v.

HYATT HOTELS CORPORATION,
HYATT PLACE FRANCHISING, LLC,
NOBLE INVESTMENT GROUP, LLC,
NF II BOULDER OP CO, LLC,
HP BOULDER LLC,
INTERSTATE HOTELS & RESORTS, INC.,
NOBLE-INTERSTATE MANAGEMENT GROUP, LLC,
PEDERSEN DEVELOPMENT COMPANY, L.L.C.,
3001 PEARL, LLC,
SHORT ELLIOTT HENDRICKSON, INC.,
JAY LARSSON,
LARSSON DESIGN,
MILENDER WHITE CONSTRUCTION CO.,
GIVEN & ASSOCIATES, INC.,
COLORADO CODE CONSULTING, LLC,
DESIGN MECHANICAL INCORPORATED, and
MARXAIRE, INC.,

    Defendants.

---

**DEFENDANTS NOBLE INVESTMENT GROUP, LLC, NF II BOULDER OP CO, LLC, HP BOULDER LLC, INTERSTATE HOTELS & RESORTS, INC., and NOBLE-INTERSTATE MANAGEMENT GROUP, LLC'S MOTION TO DISMISS PLAINTIFFS' THIRD AND FOURTH CLAIMS FOR RELIEF SET FORTH IN THEIR SECOND AMENDED CLASS ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

Noble Investment Group, LLC, NF II Boulder Op Co, LLC, HP Boulder, LLC, Interstate Hotels & Resorts, Inc., and Noble-Interstate Management Group, LLC (collectively "Defendants")

by and through their counsel, Hall & Evans, LLC, respectfully submit this Motion to Dismiss Plaintiffs' Third and Fourth Claims for Relief Set Forth in Their Second Amended Class Action Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), and in support states as follows:

## CERTIFICATE OF COMPLIANCE

Pursuant to D.C.COLO.L.Civ.R. 7.1(a) and Judge Moore's Civ. Practice Standard IV.L.2 the undersigned certifies that she conferred with Plaintiffs' counsel concerning the relief requested in this motion and that Plaintiffs object.

## INTRODUCTION

In this case, Plaintiffs bring suit alleging that they and similarly situated hotel guests suffered injuries after being exposed to carbon monoxide at the Hyatt Place Boulder (the "Hotel"). Plaintiffs allege four causes of action, including: (1) violation of the Colorado Premises Liability Act; (2) Negligence and Vicarious Liability; (3) violation of the Colorado Consumer Protection Act, ("CCPA"); and (4) a claim for medical monitoring. Plaintiffs' third and fourth claims for relief, asserting violations of the CCPA and a claim for medical monitoring, fail as a matter of law and should be dismissed.

Specifically, Plaintiffs' CCPA claim should be dismissed because it is not pled with particularity as required by Fed. R. Civ. P. 9(b). Plaintiffs have failed to plead specific facts establishing a false or misleading representation by these Defendants that constitutes a deceptive trade practice under the CCPA, Plaintiffs' allegations are insufficient to establish a public impact, and Plaintiffs have pled no specific facts establishing a causal relationship between the alleged deceptive trade practices and their alleged injuries.

Plaintiffs' medical monitoring claim should be dismissed because no Colorado court has recognized such a claim and, as a result, this Court should not expand Colorado law to permit recovery. Additionally, even if Colorado courts were to recognize such a claim, Plaintiffs' allegations are insufficient to establish the requisite elements of exposure by all class members, an increased risk of latent disease, or the reasonable need for a medical monitoring regimen capable of detecting the various disease processes Plaintiffs allege result from carbon monoxide exposure. Because these claims fail to state a claim for which relief can be granted, the Court should dismiss them pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

### I. LEGAL STANDARD.

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss claims that fail "to state a claim upon which relief can be granted…." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Thomas v. Kaven*, 765 F.3d 1183, 1190–91 (10th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

In reviewing a motion to dismiss for failure to state a claim, this Court accepts "the well-pled factual allegations in the complaint as true" and resolves "all reasonable inferences in the plaintiff's favor" and asks "whether it is plausible that the plaintiff is entitled to relief." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013)(quoting *Morse v. Regents of the Univ. of Colo.*,

3

154 F.3d 1124, 1126–27 (10th Cir.1998) and *Bixler*, 596 F.3d at 173). While a complaint need not contain "detailed factual allegations," it must include more than accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S., at 555, 557). A court should begin by identifying these allegations, which "are not entitled to the assumption of truth" and then determine whether the "well pleaded factual allegations … plausibly give rise to an entitlement to relief." *Id*. at 664. "Although well-pleaded facts will be taken as true, conclusory allegations that lack 'supporting factual averments are insufficient to state . . . claims on which relief can be based.'" *Marsden v. First Nationwide Mortg. Corp. (In re Marsden)*, 99 Fed. Appx. 862, 866 (10th Cir. 2004).

## II.   PLAINTIFFS' CCPA CLAIM SHOULD BE DISMISSED.

First, the Court should dismiss Plaintiffs' CCPA claim for several reasons.

> In order to prove a private cause of action under the CCPA, a plaintiff must show: "(1) the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered the injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury."

*HealthONE of Denver, Inc. v. UnitedHealth Group, Inc.*, 805 F. Supp. 2d 1115, 1120 (D. Colo. 2011)(quoting Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc., 62 P.3d 142, 146-147). All of these requirements must be established in order to state a claim. *Id*. Plaintiffs' Second Amended Complaint does not establish the required elements necessary for a CCPA claim and should be dismissed for at least three reasons.

      A.      *Plaintiffs Fail to Plead their CCPA Claim with Particularity*.

The CCPA's purpose is to "to provide prompt, economical, and readily available remedies against consumer fraud." *Western Food Plan, Inc. v. District Court of Denver*, 198 Colo. 251, 256, 598 P.2d 1038, 1041 (1979). Accordingly, deceptive trade practice allegations under the CCPA are subject to Fed. R. Civ. P. 9(b)'s particularity requirement. *Duran v. Clover Club Foods Co.*, 616 F. Supp. 790, 793 (D. Colo. 1985). To satisfy this requirement, Plaintiffs must plead "'the time, place and contents of the false representation, the identity of the party making the false statements, and the consequences thereof.'" *Martinez v. Nash Finch Co.*, 886 F. Supp. 2d 1212, 1216 (D. Colo. 2012)(quoting *HealthONE of Denver*, *Inc. v. UnitedHealth Group*, *Inc.*, 805 F. Supp. 2d 1115, 1121 (D. Colo. 2011) and *Koch v. Koch Industries*, *Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000)). "The particularity requirement is designed to afford a defendant 'fair notice of the plaintiff's claims and the factual ground upon which they are based.'" *Id.* (quoting *HealthONE of Denver*, *Inc.* 805 F. Supp. 2d at 1121).

Plaintiffs' allege generally that Defendants engaged in deceptive trade practices. (*Second Amended Complaint, Doc. #112, ¶ 158(a)-(m)*). However, they have not alleged any of these practices with particularity. Specifically, they do not allege when the Defendants engaged in these allegedly deceptive trade practices. (*Id.*). Though Plaintiffs have named seven different Defendants, they do not allege which of the Defendants engaged in each allegedly deceptive trade practice. (*Id.*). Plaintiffs also do not allege what, if any, consequences each specific alleged deceptive trade practice had. (*Id.*). Though Plaintiffs allege generally that they relied on the deceptive trade practices, (*id.*, *¶ 161*), they do not allege any specific actions they took as a result of them. Accordingly, Plaintiffs' CCPA claim should be dismissed for lack of particularity. *See*

*Carrado v. Daimler AG*, 2018 U.S. Dist. LEXIS 163026, *14-15, 2018 WL 4565562 (D. Colo. 2018)(dismissing CCPA claim for lack of particularity where that claim failed to allege specific false representations or their time or place).

        B.        Plaintiffs have Failed to Allege Defendants Made False Representations of Fact.

C.R.S. § 6-1-105 identifies deceptive trade practices that are actionable under the CCPA. Allegations establish a deceptive trade practice under C.R.S. § 6-1-105 if they show that the "defendant 'knowingly ma[de] a false representation.'" *Rhino Linings United States v. Rocky Mt. Rhino Lining*, 62 P.3d 142, 147 (Colo. 2003); *Omid Shekarchian v. Maxx Auto Recovery, Inc.*, 2019 COA 60, ⁋34 ("A business's conduct in making false representations about its services may constitute an unfair or deceptive trade practice."). In order to constitute a deceptive trade practice, a false representation must be a representation of fact, not opinion. *Park Rise Homeowners Ass'n v. Resource Constr. Co.*, 155 P.3d 427, 435 (Colo. App. 2006); *see also Rhino Linings United States*, 62 P.3d at 144 ("a deceptive trade practice … requires a false statement of fact"). "Mere statements of opinion such as puffing or praise of goods by seller is no warranty." *Id*. at 435. Thus, where statements merely "exalt the value or quality" of goods or services, but do not make factual representations, those statements are not actionable under the CCPA. *Id*. Thus, in *Park Rise Homeowners Ass'n*, the Court of Appeals held that a representation by the defendant of "quality construction" was not an actionable deceptive trade practice because it was a mere statement of opinion which depended on "the speaker's frame of reference," and because it was "extremely general." *Id*. at 436.

Furthermore, "the element of intent is a critical distinction between actionable CCPA claims and those sounding merely in negligence or contract." *Gen. Steel Domestic Sales, LLC v.*

6

*Hogan & Hartson*, *LLP*, 230 P.3d 1275, 1282 (Colo. App. 2010). Thus, "a CCPA claim arises when a party knowingly makes a misrepresentation or makes a false representation that has the capacity to deceive." *Rhino Linings USA*, *Inc.*, 62 P.3d at 148; *see also Crowe v. Tull*, 126 P.3d 196, 204 (Colo. 2006)("A CCPA claim will only lie if the plaintiff can show the defendant knowingly engaged in a deceptive trade practice."). "The CCPA 'provides an absolute defense' to a misrepresentation caused by negligence or an honest mistake." *Crowe*, 126 P.3d at 204. Liability "is dependent upon knowledge or intent existing at the time of the advertising conduct and the remediable damage that results from that conduct." *Id*. Thus, "[t]he CCPA does not create liability for those who intend to live up to the pronouncements of their advertisements, but are negligent in action despite those intentions." *Id*.

Here, Plaintiffs' CCPA claim alleges several purported deceptive trade practices, none of which are based on specific representations of fact. Rather, most of the alleged deceptive trade practices involve Defendants' alleged failure to properly maintain the Hotel' boilers or to more aggressively screen for carbon monoxide, which do not constitute deceptive trade practices. *Rhino Linings United States*, 62 P.3d at 147. Plaintiffs allege that Defendants made allegedly false representations in their advertisements that the Hotel was safe. (*See e.g., Second Amended Complaint, Doc. #112, ⁋ 158(c)-(d)*). However, Plaintiffs do not allege that Defendants made any specific representations about the quality of their services, and the generalized allegations regarding safety are nothing more than statements of opinion, depending on the speaker's frame of reference, that do not constitute deceptive trade practices. *See Koch v. Kaz USA, Inc.*, 2011 U.S. Dist. LEXIS 71468, *13-14 (D. Colo. 2011)(alleged representation that "Safety Matters" was not a deceptive trade practice under the CCPA). Plaintiffs have not alleged specific facts from

which it could be inferred that Defendants actually knew any of their representations regarding the safety of the Hotel were false or misleading, or that those representations were deliberate. Accordingly, Plaintiffs' CCPA claim fails as a matter of law.

   C. *Plaintiffs' Allegations Fail to Establish a Public Impact.*

Plaintiffs also allege no facts establishing a public impact. In assessing whether this element has been satisfied, this Court "must evaluate whether the facts, as presented by plaintiffs and taken in the light most favorable to them, could establish the requisite public impact element." *Gen. Steel Domestic Sales, LLC v. Hogan & Hartson*, *LLP*, 230 P.3d 1275, 1279 (Colo. App. 2010). "Factors relevant to this evaluation include 'the number of consumers directly affected by the challenged practice'; 'the relative sophistication and bargaining power of the consumers affected by the challenged practice'; and 'evidence that the challenged practice has previously impacted other consumers or has the significant potential to do so.'" *Id.* (quoting *Rhino Linings USA*, *Inc.*, 62 P.3d at 149)

It is well-established that "[t]he CCPA cannot be used to remedy a purely private wrong." *Crowe*, 126 P.3d at 208. Where an alleged misrepresentation had no effect on other members of the public, dismissal is appropriate. *See Gen. Steel Domestic Sales*, LLC, 230 P.3d at 1280-1281 (no public impact where alleged representations were made in private negotiations); *Rhino Linings United States*, 62 P.3d at 150 (private dispute was insufficient to satisfy public impact requirement); *Martinez v. Lewis*, 969 P.2d 213, 222-223 (Colo. 1998)(CCPA claim failed due to lack of public impact where alleged deceptive trade practice only affected a single consumer and there were no allegations suggesting that the practice had affected other consumers previously, or would affect other consumers in the future).

8

In *Van Rees v. Unleaded Software, Inc.*, 373 P.3d 603, 608-609 (Colo. 2016), for example, the Supreme Court affirmed the dismissal of a CCPA claim because the plaintiff failed to allege a public impact. There, as here, the plaintiff made "the conclusory allegation that Unleaded's 'deceptive trade practice significantly impacts the public as actual or potential consumers' of Unleaded." *Id*. at 609. However, the plaintiff alleged "only 'his own economic loss,' not 'any harm or potential harm to identifiable segments of the public.'" *Id*. The plaintiff did not allege, for example, "that Unleaded induced others into entering contracts with similar misrepresentations regarding its web design capabilities." *Id*. The Court concluded these allegations were "insufficient to state a claim because they are 'bare bones' and 'only sketch[] the elements of a CCPA offense.'" *Id*. (quoting *Crowe*, 126 P.3d at 211). Therefore, the Court concluded that the district court had properly dismissed the plaintiff's CCPA claim. *Id*.

Here, Plaintiffs allege that the deceptive trade practices had a public impact because "upon information and belief, a large number of guests spent time in common areas or occupied rooms that firefighters discovered had dangerous levels of CO…." (*Second Amended Complaint, Doc. # 112, ¶ 162(a)*). However, Plaintiffs do not allege any connection between Defendants' alleged deceptive trade practices and the public. They do not allege, for example, that other hotel guests or members of the public were induced to stay at the hotel by Defendants' alleged advertisements. Rather, Plaintiffs' conclusory allegations of public impact are like those of the Plaintiff in the *Van Rees* case found insufficient to state a claim upon which relief can be granted. Because Plaintiffs' well-pled facts, even viewed in the light most favorable to Plaintiffs, do not establish that Defendants' alleged deceptive trade practices had a public impact, the Court should dismiss Plaintiffs' third claim for relief.

### D. Plaintiffs Allegations do not Establish a Causal Relationship.

Causation is an essential element of a CCPA claim. *HealthONE of Denver, Inc. v. UnitedHealth Group, Inc.*, 805 F. Supp. 2d 1115, 1120 (D. Colo. 2011). Colorado follows the "but-for test" for causation. *Reigel v. SavaSeniorCare L.L.C.*, 292 P.3d 977, 987 (Colo. App. 2011). This test asks "whether, but for the alleged negligence, the harm would not have occurred." *Id.* at 985 (quoting *N. Colo. Med. Ctr., Inc. v. Comm. on Anticompetitive Conduct*, 914 P.2d 902, 908 (Colo. 1996)). This test "is satisfied if the negligent conduct in a 'natural and continued sequence, unbroken by any efficient, intervening cause, produce[s] the result complained of, and without which the result would not have occurred.'" *Id.* (quoting *N. Colo. Med. Ctr., Inc.*, 914 P.2d at 908).

Here, Plaintiffs' allegations are insufficient to establish that any of Defendants' alleged deceptive trade practices caused Plaintiff's alleged injuries. Plaintiffs have not alleged specific facts establishing that but for the alleged deceptive trade practices they would not have been injured. Plaintiffs conclusory single-sentence allegation of reliance, which does not provide specific facts concerning how Plaintiffs relied on the allegedly deceptive trade practices, (*Second Amended Complaint, Doc. # 112, ¶ 161*), is insufficient to state a claim upon which relief can be granted. *Marsden*, 99 Fed. Appx. at 866. Absent specific facts that support the existence of a causal relationship between Defendants' alleged deceptive trade practices and Plaintiffs' claimed injuries, the Court should dismiss Plaintiffs' fourth claim for relief.

### III. PLAINTIFFS' MEDICAL MONITORING CLAIM FAILS AS A MATTER OF LAW.

The Court should also dismiss Plaintiffs' claim for medical monitoring because Colorado has never recognized such a claim, and the well-pled facts in the Second Amended Complaint are insufficient to state a claim for medical monitoring even if Colorado did recognize such a claim.

### A. Colorado has not Recognized Medical Monitoring Claims.

Colorado has never recognized claims for medical monitoring. Rather, Colorado courts hold that the mere possibility of future harm is insufficient to establish a compensable injury. *See, e.g., Boryla v. Pash*, 960 P.2d 123, 127–28 (Colo. 1998); *Towns v. Anderson*, 579 P.2d 1163, 1164 (Colo. 1978); *see also Bayly, Martin & Fay, Inc. v. Pete's Satire, Inc.*, 739 P.2d 239, 242 (Colo. 1987) (negligence claim requires plaintiff to prove "a sufficient causal connection between the offensive conduct and the resulting injury . . . and . . . actual loss or damage"). Furthermore, the majority of courts that have considered whether to recognize medical monitoring claims have rejected them "as inconsistent with the present physical injury requirement of tort law." *Lowe v. Philip Morris USA, Inc.*, 142 P.3d 1079, 1083 (Ore. App. 2006).

In *Reigel*, the Colorado Court of Appeals recognized:

> As both a logical and practical matter, the fact that a defendant's conduct increased the victim's risk of injury does not necessarily mean that the defendant's conduct was a but-for cause of the injury or a necessary component of a causal set of events that would have caused the injury. Put another way, the victim's injury may well have occurred regardless of whether the defendant's conduct increased the risk that it would occur. Thus, the increased risk of harm test articulated in Sharp I is inconsistent with Colorado Supreme Court precedent.

292 P.3d at 987. Medical monitoring claims, which depend upon an allegation that exposure to a toxic substance increased the plaintiff's risk of harm, *Bell v. 3M Co.*, 344 F. Supp. 3d 1207, 1225 (D. Colo. 2018), are inconsistent with Colorado law regarding causation and damages. Because Colorado has not recognized medical monitoring claims, this Court should not permit Plaintiffs to pursue one in this case. *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1202 (10th Cir. 2000)(declining to equate "the manifestation of certain acute conditions with a permanent objective injury leading to

an increased risk of cancer" because of "the absence of any indication the Colorado Supreme Court would permit such an expansion").

    B.    *Plaintiffs' Well-Pled Allegations are Insufficient to Support a Medical Monitoring Claim.*

Though never previously recognized by Colorado courts, a medical monitoring claim seeks "an 'equitable remedy' of a medical monitoring program not in order to redress actual or present injury to their persons but instead to screen for possible future injury." *Henry v. Dow Chem. Co.*, 701 N.W.2d 684, 691 (Mich. 2005). It requires proof of the following elements:

> (1) the plaintiff has suffered a significant exposure to a hazardous substance through the tortious actions of the defendant; (2) as a proximate result of this exposure, the plaintiff suffers from an increased risk of contracting a serious latent disease; (3) that increased risk makes periodic diagnostic medical examinations reasonably necessary; and (4) monitoring and testing procedures exist which make the early detection and treatment of the disease possible and beneficial.

*Bell v. 3M Co.*, 344 F. Supp. 3d 1207, 1225 (D. Colo. 2018) (citing *Cook v. Rockwell Int'l Corp.*, 755 F. Supp. 1468, 1477 (D. Colo. 1991)).

Here, Plaintiff's well-pled allegations are insufficient to establishing a medical monitoring claim. Plaintiffs' conclusory allegations are insufficient to establish that all of the class members were exposed to carbon monoxide or that their exposure was significant. Even assuming Plaintiffs suffered a significant exposure, Plaintiffs have not pled specific facts establishing a risk of contracting a serious latent disease. Rather, Plaintiffs assert that carbon monoxide exposure can result in a wide range of symptoms, including "headaches, dizziness, imbalance, sleep disturbances, cognitive impairments, affective problems, and other neurological sequelae." (*Second Amended Complaint, Doc. # 112, ¶ 86*). However, Plaintiffs' allegations do not contain specific facts establishing that Plaintiffs and the other class members are all at increased risk of

suffering particular injuries, much less specific facts indicating that Plaintiffs or other class members are at an increased risk for a latent disease as required to state a claim.

Plaintiffs allegations also fall well-short of demonstrating that periodic diagnostic medical examinations are reasonably necessary or that "monitoring and testing procedures exist which make the early detection and treatment of the disease possible and beneficial." *Bell*, 344 F. Supp. 3d at 1225. Plaintiffs have not alleged specific facts establishing that there is a recognized medical monitoring regimen to detect the latent diseases alleged in the Second Amended Complaint, or that such a monitoring regimen is reasonably necessary. While they allege that the Court should order a testing regimen and what the regimen should include, they provide no specific facts indicating that the testing regimen they advocate would be sufficient to detect the wide range of conditions they claim can result from carbon monoxide poisoning. They also provide no specific facts indicating that this testing regimen would be able to distinguish between conditions resulting from carbon monoxide exposure at the Hotel and conditions resulting from exposure to other sources of carbon monoxide. Plaintiffs' conclusory allegations that medical monitoring would "increase the chances of early detection and treatment of diseases," (*Second Amended Complaint, Doc. # 112, ¶ 172*), unsupported by specific facts, are insufficient to state a claim for relief. *Bell*, 344 F. Supp. 3d at 1225-1227 (dismissing medical monitoring claim for failure to plead a specific monitoring regimen or specific facts indicating that the regimen was reasonably necessary). Therefore, the Court should dismiss Plaintiffs' fourth claim for relief.

## **CONCLUSION**

For all of the foregoing reasons, the Court should dismiss Plaintiffs' third and fourth claims for relief against these Defendants, grant Defendants their fees and costs for filing this motion, and grant such other and further relief as it deems fit.

Dated this 24th day of November, 2020.

HALL & EVANS, L.L.C.

*Original duly signed and on file at the offices of Hall & Evans, L.L.C.\**

s/ *Meredith L. McDonald*
Peter C. Middleton
Meredith L. McDonald
Jared R. Ellis
HALL & EVANS, LLC
1001 17TH Street, Suite 300
Denver, CO 80202
303/628-3300 / 303/628-3368 / Fax
middletonp@hallevans.com
mcdonaldm@hallevans.com
ellisj@hallevans.com
Attorneys for Defendants
Noble Investment Group, LLC, NF II
Boulder Op Co, LLC, HP Boulder, LLC,
Interstate Hotels & Resorts, Inc. and Noble-Investment Management Group, LLC

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANTS NOBLE INVESTMENT GROUP, LLC, NF II BOULDER OP CO, LLC, HP BOULDER LLC, INTERSTATE HOTELS & RESORTS, INC., and NOBLE-INTERSTATE MANAGEMENT GROUP, LLC'S MOTION TO DISMISS PLAINTIFFS' THIRD AND FOURTH CLAIMS FOR RELIEF SET FORTH IN THEIR SECOND AMENDED CLASS ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)** was served/filed via the CM/ECF system on this 24th day of November, 2020, and thereby served upon the following parties:

| *Counsel for Plaintiffs* | *Counsel for Hyatt Hotels Corporation and Hyatt Place Franchising, LLC* |
|---|---|
| Tyson E. Logan<br>Jason Neville<br>Michael F. Lutz<br>The Spence Law Firm, LLC<br>15 S. Jackson Street<br>P.O. Box 548<br>Jackson, WY 83001<br>logan@spencelawyers.com<br>neville@spencelawyers.com<br>lutz@spencelawyers.com<br><br>Todd Logan<br>Edelson PC<br>123 Townsend Street, Suite 100<br>San Francisco, CA 94107<br>tlogan@edelsonpc.com | Todd R. Seelman<br>Jesse D. Rodgers<br>Robert E. Hadlow, III<br>Lewis Brisbois Bisgaard & Smith LLP<br>1700 Lincoln Street, Suite 4000<br>Denver, CO 80203<br>Todd.seelman@lewisbrisbois.com<br>Jesse.Rodgers@lewisbrisbois.com<br>Robert.hadlow@lewisbrisbois.com |

*Original duly signed and on file at the offices of Hall & Evans, L.L.C.*

*s/ Aleece M. Montoya*
**HALL & EVANS, LLC**