**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 20-cv-01236-RM-SKC

RAYMOND E. CLARK,
BETTYJUNE CLARK, and
CHRYSTAL ANN MCCONNELL,

    Plaintiffs,

v.

HYATT HOTELS CORPORATION,
HYATT PLACE FRANCHISING, L.L.C.,
NOBLE INVESTMENT GROUP, LLC,
NF II BOULDER OP CO, LLC,
HP BOULDER, LLC,
INTERSTATE HOTELS & RESORTS, INC.,
NOBLE-INTERSTATE MANAGEMENT GROUP, LLC,
3001 PEARL, LLC,
COLORADO CODE CONSULTING, LLC,
DESIGN MECHANICAL INC.,
GIVEN & ASSOCIATES, INC.,
MARXAIRE, INC., and
MILENDER WHITE CONSTRUCTION CO.,

    Defendants.

---

## ORDER

---

This putative class action is before the Court on three Recommendations by United States Magistrate Judge S. Kato Crews (ECF Nos. 255, 260, 261) addressing five pending Motions to Dismiss (ECF Nos. 139, 141, 143, 144, 146) and a fourth Recommendation (ECF No. 261) addressing a Motion to Stay (ECF No. 206). Also pending is an Objection (ECF No. 277) to the magistrate judge's January 3, 2022, Discovery Order (ECF No. 272).

I.      **LEGAL STANDARDS**

    A.      **Review of a Magistrate Judge's Recommendation**

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation on a dispositive motion that is properly objected to.  An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

With respect to rulings on nondispositive matters, this Court can modify or set aside a magistrate judge's order only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.2d 562, 566 (10th Cir. 1997).  The Court must have "a definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).

    B.      **Fed. R. Civ. P. 12(b)(2)**

To establish personal jurisdiction over a nonresident defendant in a diversity action, the plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the Due Process Clause of the Fourteenth Amendment. *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020). Because Colorado's long-arm statute is coextensive with the Due Process Clause, this amounts to a single inquiry. *See Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).  The plaintiff bears the burden of establishing personal jurisdiction, but at the motion

to dismiss stage, it need only make a prima facie showing that the defendant had sufficient minimum contacts with the forum state. *Dental Dynamics*, 946 F.3d at 1228-29. Factual disputes are resolved in the plaintiff's favor when determining the sufficiency of its showing. *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009). If the plaintiff makes such a showing, the burden shifts to the defendant to show that exercising personal jurisdiction would offend traditional notions of fair play and substantial justice. *Dental Dynamics*, 946 F.3d at 1229. "The weaker a plaintiff's showing with respect to minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Id.* (quotation omitted).

    **C.**    **Fed. R. Civ. P. 12(b)(6)**

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

**II.**    **BACKGROUND**

Plaintiffs allege they suffered from carbon monoxide poisoning when they stayed at the Hyatt Place Boulder in Colorado and that other guests at the hotel were likely exposed as well.

The Clarks, who are Montana citizens, brought this lawsuit on behalf of themselves as well as a putative class of similarly situated individuals who were guests at the hotel from November 10 to November 18, 2018. The Third Amended Class Action Complaint asserts four causes action against numerous Defendants for (1) violation of the Colorado Premises Liability Act ("CPLA"), (2) negligence and vicarious liability, (3) violation of the Colorado Consumer Protection Act ("CCPA"), and (4) medical monitoring. (ECF No. 268 at 23-31.)[1]

### III.   ANALYSIS

#### A.   Motions to Dismiss by Hyatt, Interstate, and Noble

Defendants Interstate Hotels & Resorts, Inc. ("Interstate"), Noble Investment Group, LLC ("Noble"), and Hyatt Hotels Corporation ("Hyatt") moved to dismiss the claims against them for lack of personal jurisdiction. After their Motions were fully briefed, the magistrate judge concluded that Plaintiffs had failed to make a prima facie showing of jurisdiction as to each of them. For the reasons below, the Court agrees.

"Where the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists." *AST Sports Science, Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). To establish *specific* personal jurisdiction over a nonresident defendant, a plaintiff must show the defendant has purposefully directed its activities at residents of the forum and that the litigation results from alleged injuries that arise out of or relate to those activities. *Id.* at 1058. "Where a court's exercise of jurisdiction does not directly arise from a defendant's

---

[1] When the Motions to Dismiss were filed, the operative Complaint was the Second Amended Class Action Complaint (ECF No. 112). Shortly after the magistrate judge issued the Recommendations, Plaintiffs amended the Complaint a third time solely to add Plaintiff McConnell, an Arizona citizen, to the case; the Court ruled that new filings were not needed. (*See* ECF No. 270 (granting Plaintiffs' Unopposed Motion to Excuse Duplicative Filings and Proceedings Following Third Amended Complaint).) Therefore, in this Order, citations to the Complaint refer to the Second Amended Class Action Complaint unless stated otherwise.

4

forum-related activities, the court may nonetheless maintain *general* personal jurisdiction over the defendant based on the defendant's general business contacts with the forum state." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (quotation omitted).

To defeat a motion to dismiss, the plaintiff need only make a prima facie showing of personal jurisdiction. *AST Sports Science*, 514 F.3d at 1057. "The plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Pro. Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989); *see also OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) ("The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."). The Court "accept[s] as true the allegations set forth in the complaint to the extent they are uncontroverted by defendant's affidavits," but "[i]f the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor." *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987) (quotation omitted).

    1.    <u>Interstate</u>

In support of its Motion to Dismiss (ECF No. 143), Interstate submitted an affidavit of one of its officers stating that it is a Delaware company with its corporate office in Texas. (ECF No. 143-1 at 1, ¶¶ 2, 3.) The affidavit further states that Interstate has no employees in Colorado, owns no property in Colorado, and had no involvement in the day-to-day operation of the Hyatt Place Boulder. (*Id.* at 1-2, ¶¶ 4, 5, 7.) It is, however, the general partner of a separate entity that is the sole member of the entity that managed the hotel, Defendant Noble-Interstate Management Group, LLC ("Noble-Interstate"). (*Id.* at 2, ¶¶ 6.)

5

Plaintiffs argue that workers at the hotel believed Interstate was their employer, citing a Facebook post from September 2018 that was submitted with their Response. Plaintiffs also submitted with their Response a worker's compensation coverage verification report, arguing that Interstate's purchase of worker's compensation coverage for numerous locations throughout the state undermines its assertion that it has no employees in Colorado. And they submitted documents indicating Interstate and Noble-Interstate once shared the same principal office address in Virginia and that Noble-Interstate's president was also Interstate's chief financial officer. In addition, Plaintiffs cite snippets from Interstate's LinkedIn page describing its involvement in "hotel management" to support their contention that these entities "have no separate existence." (ECF No. 84 at 4.)

In the Recommendation, the magistrate judge noted the limited number of allegations specific to Interstate in the Complaint. And, because the documents Plaintiffs submitted with their Response were neither authenticated nor supported by affidavit, the magistrate judge concluded they were not "competent proof" that supported their jurisdictional allegations. Left with only Plaintiffs' conclusory allegation that Interstate owned, operated, or controlled the hotel directly or through its subsidiaries, the magistrate judge concluded Plaintiffs failed to make a prima facie showing that jurisdiction exists.

In their Objections, Plaintiffs present new evidence associating Interstate's senior executives with the hotel and how it managed its response to the carbon monoxide incident. They also contend that the magistrate judge erred by disregarding the evidence presented with their Response on the grounds that it was not authenticated.

First, the Court declines to consider the new evidence presented with Plaintiffs' Objections. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). Even if the Court were inclined to consider such evidence, however, it moves the needle negligibly in Plaintiffs' favor, and they still fail to meet their burden of establishing jurisdiction for the reasons below.

Second, the Court agrees with the magistrate judge's conclusion that the evidence Plaintiffs submitted with their Response does not amount to "competent proof" that Interstate purposefully established minimum contacts with Colorado. *See Pytlik*, 887 F.3d at 1376. Once Interstate submitted its supporting affidavit controverting Plaintiffs' jurisdictional allegations, Plaintiffs could not rest on those allegations. Rather than merely trying to poke holes in Interstate's affidavit, they needed to present conflicting affidavits or other competent proof to support their controverted allegations. *See Ten Mile Indus. Park*, 810 F.2d at 1524. Absent competent proof supporting the jurisdictional allegations in the Complaint, the allegations themselves are insufficient to meet Plaintiffs' burden at this stage of the case. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) ("[O]ur task is to determine whether the plaintiff's allegations, as supported by affidavits, make a prima facie showing of personal jurisidiction.").

Third, even if the evidence is considered, the Court is not persuaded that it is sufficient to establish either specific or general personal jurisdiction over Interstate. *See AST Sports Science*, 514 F.3d at 1058. Assuming the facts presented plausibly suggest Interstate has some affiliation with the hotel, they do not refute its contentions that it does not employ the hotel's workers or

7

manage the hotel.  "A holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity."  *Benton*, 375 F.3d at1081 (quotation omitted).  Even if Plaintiffs' additional evidence, coupled with some speculation, might be hard to reconcile with certain details in Interstate's affidavit, such evidence still fails to adequately support their conclusory allegation that Interstate owned, operated, or controlled the hotel.  Again, Plaintiffs bear the burden of establishing the existence of personal jurisdiction.

Fourth, Plaintiffs' request for jurisdictional discovery is also unavailing.  Despite numerous references to and discussion about Fed. R. Civ. P. 7(b)(1) and D.C.COLO.LCivR 7.1(d) throughout the pleadings, Plaintiffs have not filed a separate motion for jurisdictional discovery.  More importantly, they have not shown they would be prejudiced if not allowed jurisdictional discovery.  "The party seeking discovery bears the burden of showing prejudice."  *Dental Dynamics*, 946 F.3d at 1233.  Mere conjecture that discovery might lead to probative evidence is not a basis for granting such a request, even if it were properly before the Court.

Accordingly, the Court overrules Plaintiffs' Objections to the Recommendation pertaining to Interstate.

        2.    <u>Noble</u>

Noble is a Georgia limited liability company with its principal place of business in Georgia.  (ECF No. 112 at 5, ¶ 26.)  Noble and Interstate share the same counsel, and Noble's Motion to Dismiss (ECF No. 144) essentially mirrors that of Interstate.  The magistrate judge determined that Plaintiffs failed to make a prima facie showing of jurisdiction over Noble,

rejecting their contention that it controlled the hotel through its subsidiaries: Defendants NF II Boulder Op Co, LLC ("NF II") and HP Boulder, LLC ("HP Boulder").[2]  The Court agrees with the Recommendation.

In their Objections, Plaintiffs present more new evidence to support their contention that Noble's senior executives were in control of these subsidiaries.  But again, this evidence was not presented to the magistrate judge.  And in any event, the Court finds it is minimally persuasive.  For the most part, Plaintiffs' Objections with respect to Noble parallel those with respect to Interstate, and the Court overrules them for substantially the same reasons.

   3.   Hyatt

Hyatt is a Delaware corporation with its principal place of business in Illinois.  (ECF No. 112 at 4, ¶ 12.)  Plaintiffs allege Hyatt "retains and exercises a pervasive right of control over many aspects of its branded hotels" and that its "tools of control" include its franchise agreements; its building specifications; system standards regulating virtually every aspect of hotel operation; management, personnel, and operational training programs; and scheduled and unannounced inspections and audits by its representatives.  (*Id.* at 4, ¶¶ 18, 19.)

In its Motion to Dismiss (ECF No. 141), Hyatt argues the Complaint lacks allegations that it has sufficient contacts with the State of Colorado, relying extensively on an affidavit by its assistant secretary.  According to the affidavit, during the relevant timeframe, Hyatt did not have an office in Colorado, was not registered to do business in Colorado, did not own or lease real property in Colorado, had no employees that resided or worked in Colorado, and was not

---

[2] For present purposes, Noble does not challenge Plaintiffs' assertions NF II was the hotel's operator or that HP Boulder was its owner.  (*See* ECF No. 82 at 5.)

required to pay income or property taxes in the state.  (*Id.* at 6.)  Along with its Motion, Hyatt submitted the Hyatt Place Hotel Franchise Agreement, which is clearly between NF II and Defendant Hyatt Place Franchising, L.L.C. ("Hyatt Place"), not Hyatt.  (ECF No. 142 at 6.)

In their Response, Plaintiffs take a position in some tension with their Responses to Interstate's and Noble's Motions, arguing "the Court must take the allegations in the complaint as true unless contradicted by *admissible* evidence, such as an affidavit made on personal knowledge" and that the assertions in the affidavit are not competent evidence (ECF No. 81 at 1.) Plaintiffs also contend that the allegations about Hyatt's "tools of control" are sufficient meet to state a prima facie case for specific personal jurisdiction.

The magistrate judge considered the allegations in the Complaint pertaining to Hyatt as well as the franchise agreement and concluded that "Plaintiff's allegations implicating Hyatt's control over the Hotel are not supported by facts."  (ECF No. 255 at 10.)  The magistrate judge also considered the affidavit submitted by Hyatt, while rejecting the unauthenticated and uncertified evidence submitted by Plaintiffs, both in their Response and in their Motion for Leave to Submit Supplemental Brief and Exhibits (ECF No. 101), which was filed in connection with a previously filed Motion to Dismiss by Hyatt.  The magistrate judge further found that even if the evidence were considered, it would not provide a basis for finding personal jurisdiction over Hyatt.  (*See id.* at 11-12.)  Accordingly, the magistrate judge determined that Plaintiffs failed to make a prima facie showing of personal jurisdiction; nor was jurisdictional discovery appropriate, since their allegations did not demonstrate contacts that might be sufficient to establish personal jurisdiction.

In their Objections, Plaintiffs argue that their Motion seeking to supplement the record with additional evidence of Hyatt's involvement in the hotel's design and construction remains pending. (ECF No. 257 at 6.) However, that Motion became moot after Plaintiffs filed the Second Amended Class Action Complaint (*see* ECF No. 246), and Plaintiffs did not file a renewed motion to file their supplemental brief and exhibits. Aside from this misguided argument, Plaintiffs Objections related to Hyatt's Motion are largely duplicative of its arguments related to Interstate and Noble, which the Court has already determined are without merit. Therefore, the Court overrules them for the same reasons.

**B.**   **Motion to Dismiss by Hyatt Place**

In its Motion to Dismiss (ECF No. 139), Hyatt Place sought dismissal of all the claims asserted against it. Nonetheless, Hyatt Place does not object to the magistrate judge's Recommendation, which concluded that the Complaint states a CPLA claim against it. For Plaintiffs' part, they do not object to the magistrate's determination that the Complaint fails to state a claim for either violation of the CCPA or medical monitoring. The Court discerns no error with respect to the portions of the Recommendation to which no party objected and adopts them into this Order by reference. *See Gallegos v. Smith*, 401 F. Supp. 3d 1352, 1356-57 (D.N.M. 2019) (applying deferential review of the magistrate judge's work in the absence of any objection).

The Court turns now to Plaintiffs' negligence claims against Hyatt Place. Plaintiffs agree that if Hyatt Place is determined to be a landowner as a matter of law, then the CPLA provides their exclusive remedy against it. (ECF No. 279 at 3.) However, if Hyatt Place is determined not to be a landowner, they argue that it can still be held liable for its negligent control over the

11

hotel's operations.  The problem with this argument, and the reason the magistrate judge recommends dismissing these claims, is that the Complaint fails to allege any acts on the part of Hyatt Place that would implicate a duty separate and apart from its duties as an alleged landowner.  (*See* ECF No. 260 at 8 n.6.)  Thus, as the magistrate judge found, Plaintiffs have not alleged "facts supporting a finding that Hyatt Place owed them a duty separate from those which landowners owe their entrants."  (*Id.* at 7-8.)  The Court agrees with this analysis.  The negligence claims against Hyatt Place are not subject to dismissal merely because Plaintiffs plausibly alleged it was a landowner; rather, it is the absence of factual allegations to support holding it liable under some other negligence theory that is fatal to these claims.

In their Objections, Plaintiffs do not meaningfully address the magistrate judge's determination that the Complaint lacks factual allegations to support a duty owed by Hyatt Place apart from the CPLA.  The Court finds that the conclusory allegations in the Complaint fail to support their actual agency theory as a basis for holding Hyatt Place liable.

Therefore, the Court overrules Plaintiffs' Objections with respect to their negligence claims against Hyatt Place, and these claims are dismissed as well.

## C. Motion to Dismiss by Noble, NF II, HP Boulder, Interstate, and Noble-Interstate

These Defendants filed a separate Motion to Dismiss with respect to Plaintiffs' claims for violation of the CCPA and medical monitoring.  (ECF No. 146.)  As mentioned above, Plaintiffs do not object to the portions of the Recommendation addressing these claims.  Accordingly, the Motion is granted.

D. **Motion to Stay**

Defendants Milender White Construction Co., Design Mechanical, Inc., and Given & Associates, Inc., filed a Motion to Stay (ECF No. 206), seeking an "automatic stay" in this case pending completion of the mandatory notice of claim process under the Colorado Construction Defect Action Reform Act ("CDARA"). *See* Colo. Rev. Stat. § 13-20-803.5. The Motion was referred to the magistrate judge. (ECF No. 207.) After it was fully briefed (ECF Nos. 211, 214) and Recommendations had been issued on the pending Motions to Dismiss, the magistrate judge recommended that these Defendants' Motion be denied.

No party objected to the Recommendation. The Court discerns no error in the record and agrees with the magistrate judge's determinations that the CDARA's notice of claim procedure applies to "property owners who bring claims against construction professionals for damages to their property arising out of construction defects," and therefore it does not apply to these Defendants. (ECF No. 261 at 2.) Accordingly, the Motion is denied for the reasons stated in more detail in the Recommendation.

E. **Objection to Discovery Order**

Finally, Noble-Interstate and Hyatt Place have filed an Objection (ECF No. 277) to the magistrate judge's January 3, 2022, Discovery Order (ECF No. 272), requiring them to produce hotel guest names and contact information. Plaintiffs have filed a Response to the Objection (ECF No. 283), and the Objection is hereby overruled for the reasons below.

After briefing and a hearing on this discovery dispute, the magistrate judge found that other guests who stayed at the Hyatt Place Boulder when Plaintiffs did are relevant fact witnesses with respect to both the merits of Plaintiffs' individual claims and class certification.

13

(*See* ECF No. 272 at 6.)  The magistrate judge further found that producing guest names and contact information would not place an undue burden on Defendants and that there was no evidence Plaintiffs' counsel would misuse the information for improper solicitation.  (*Id.* at 9-10.)  And the magistrate judge found that Plaintiffs' need for the information outweighed any potential privacy interests in light of the Court's Protective Order and the availability of additional safeguards, if warranted.  (*Id.* at 11-12.)

In their Objection (ECF No. 277), these Defendants argue the Discovery Order should be set aside because the magistrate judge applied an inappropriate standard in concluding that the likely benefit of compelling disclosure of the information outweighs any purported burden or expense on Defendants to produce it.  They argue, without citation to any binding legal authority, that "if proposed pre-certification discovery relates to the merits of claims and creates a burden that is anything more than minimal it should be deferred until after class certification is decided."  (ECF No. 277 at 4.)  The Court finds these Defendants have not shown that the magistrate judge's determination is contrary to law.  Moreover, given the magistrate judge's findings that these Defendants failed to articulate any undue burden and that Plaintiffs were seeking discovery proportional to the needs of the case (*see* ECF No. 272 at 9), the Court is not persuaded that any "more than minimal" burden has been shown.  Thus, these Defendants have also not shown the magistrate judge's assessment of Defendants' burden of production was clearly erroneous.

Next, these Defendants contend the requested discovery is not relevant to class certification.  But with the filing of the Third Amended Class Action Complaint, Plaintiffs have alleged significant health consequences to three individuals as a result of their exposure to carbon monoxide at the hotel.  It stands to reason other guests who were there during the same

timeframe could provide relevant information with respect the commonality and typicality requirements for class certification. It also stands to reason these guests could provide relevant information with respect to Plaintiffs' individual claims, and these Defendants have cited no authority for the proposition that merits discovery must be placed on hold until a determination as to class certification is made. Again, these Defendants have fallen well short of establishing that the Discovery Order is contrary to law or clearly erroneous.

The Objection also suggests that the magistrate judge failed to adequately consider the hotel guests' right to privacy. However, the Discovery Order directly addresses this issue and the mitigating measures available to the Court to protect guests' privacy interests. Even if another court might have weighed these matters, the Court will not assume these Defendants' burden to produce this information is significantly increased due to the asserted privacy interests of its guests. Thus, the Court discerns no basis for setting aside the Discovery Order based on anyone's privacy interests.

Because these Defendants have again fallen well short of leaving this Court with a definite and firm conviction that a mistake has been committed, the Objection is overruled.

### IV. CONCLUSION

For the reasons stated above, the Court ORDERS as follows:

(1) Plaintiffs' Objections (ECF Nos. 257, 271) are OVERRULED,

(2) the Recommendations (ECF Nos. 255, 260, 261) are ACCEPTED and incorporated into this Order by reference,

(3) Hyatt Place's Motion to Dismiss (ECF No. 139) is GRANTED IN PART and DENIED IN PART, as stated in this Order,

(4)      the other Motions to Dismiss (ECF Nos. 141, 143, 144, 146) are GRANTED,

(5)      the Motion to Stay (ECF No. 206) is DENIED, and

(6)      Noble-Interstate and Hyatt Place's Objection (ECF No. 277) is OVERRULED.

DATED this 25th day of March, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge